UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 22-1282(DSD/TNL)

Shakur Aziz Aha,

       Plaintiff,

v.                                                    **ORDER**

Parklawn Properties Limited
Partnership,

       Defendant.


    Shakur Aziz Aha, 4141 Parklawn Estate, Apt. 214, Edina, MN
55434, plaintiff pro se.

    Anju Suresh, Esq. and Hinshaw & Culbertson LLP, 250 Nicollet
Mall, Suite 1150, Minneapolis, MN 55401, counsel for
defendant.


    This matter is before the court upon the motion to dismiss by
defendant Parklawn Properties Limited Partnership.[1]  Based on a
review of the file, record, and proceedings herein, and for the
following reasons, the motion is granted.


**BACKGROUND**

    This civil rights action arises out of pro se plaintiff Shakur
Aziz Aha's tenancy in Parklawn's apartment building located in
Edina, Minnesota.  Aha, who is black, alleges that Parklawn has

---

    [1]  According to defendant, its proper legal name is PRKLN
Properties Limited Partnership d/b/a Parklawn Estates.  The court
notes the corrected name and will refer to defendant as "Parklawn."

discriminated against him due to his race.  He contends that he is
"one of the only" black male tenants in the building and that he
is treated different than non-black tenants.  See Am. Compl. ¶ 7.
He specifically alleges that someone has been intentionally and
repeatedly misplacing items in his apartment.  See generally id.
For example, he claims that certain items of clothing, shoes, and
household items have gone missing, only to be found later elsewhere
in his apartment.  See id. ¶ 7.  He also claims that his food has
been tampered with on numerous occasions.  See id. ¶¶ 7, 8.

Aha suggests that the apartment building's maintenance man
(who is white) and/or the building manager (who is Latina), may be
responsible for misplacing and tampering with his belongings given
that they have access to the apartment.  Id. ¶ 9.  Aha alleges
that these events have caused him to be sleepless, suffer from
severe anxiety, and experience debilitating headaches.  See
generally Am. Compl.  He acknowledges that his mental health is
suffering and reports that rather than sleep, he "lay[s] down on
[his] couch in the front living room with a combat knife and
barricade[s] ... [his] front door."  Id. at 1.

On May 10, 2022, Aha commenced this action and soon thereafter
filed an amended complaint.[2]  In the amended complaint, he alleges

---

[2]  On May 23, 2022, the Hennepin County District Court evicted
Aha from the apartment due to non-payment of rent.  See PRKLN
Props. LP v. Aha, 27-CV-HC-22-1440.  It is unclear from the record
whether Aha has moved from the premises.  The court may consider

that Parklawn violated the Fair Housing Act, 42 U.S.C. § 3604; Title VII; and the Fourteenth Amendment.  He also alleges that Parklawn has engaged in the intentional infliction of emotional distress.  Aha seeks $10 million in compensatory damages and $68 million in punitive damages.  Parklawn now moves to dismiss.

## DISCUSSION

### I.   Standard of Review

To survive a motion to dismiss for failure to state a claim, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).  Although a complaint need not contain detailed factual allegations, it must raise a right to relief above the speculative level.  Twombly, 550 U.S. at 555.  "[L]abels and conclusions or a formulaic recitation of the elements of a cause

---

the eviction proceedings as a matter of public record.  Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999).

of action" are not sufficient to state a claim.  Iqbal, 556 U.S. at 678 (citation and internal quotation marks omitted).

Although a pro se pleading is to be liberally construed, it still must allege some historical facts, which if proven true, would entitle the plaintiff to some specific legal remedy against the defendant, based on some established rule of law.  See Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law").  Aha's amended complaint does not satisfy this requirement because it does not allege facts that, even if true, would entitle him to relief.

## II.  Fair Housing Act (FHA)

Under the FHA, landlords are prohibited from discriminating against "any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race."  42 U.S.C. § 3604(b).  Because Aha contends that Parklawn racially discriminated against him by taking, relocating, and tampering with his belongings and food, he raises what is referred to as a disparate-treatment claim.  As such, Aha must plausibly allege that Parklawn had "a discriminatory intent or motive."  Tex. Dep't of Hous. & Cmty. Affs. v. Inclusive Cmtys. Project, Inc., 576 U.S. 519, 524(2015) (quoting Ricci v. DeStefano, 557 U.S. 557, 577

4

(2009) (internal quotation marks omitted)); Hoyt v. City of St. Anthony Vill., Civ. No. 18-2434, 2019 WL 2212147, at *7 (D. Minn. May 22, 2019).

A plaintiff fails to plausibly allege discriminatory intent where a complaint relies on conclusory allegations, fails to identify "similarly situated comparators who were treated more favorably," and does not "allege any other facts that would give rise to an inference of discriminatory intent." Hoyt, 2019 WL 2212147, at *7. Here, the amended complaint does not include allegations sufficient to plausibly allege discriminatory intent on Parklawn's part.

Aha summarily claims that he has been subject to discrimination due to his race, but he provides no facts to suggest that the treatment he complains of is racially motivated. Rather, he simply contends that it must be happening because he is black. Aha cites to no racially based comments, policies, or conduct by Parklawn to support his theory. Although he claims to be treated differently than non-black tenants, he has not identified any similarly situated comparators. In short, even if the events in question occurred, the amended complaint is devoid of facts that would, if true, given rise to an inference of discriminatory animus.

Nor does the amended complaint adequately allege that Parklawn actually engaged in the underlying conduct. Even if

someone has been tampering with Aha's belongings and food, the amended complaint does not plausibly allege that Parklawn – in particular its maintenance man and/or manager - engaged in such behavior.

In short, Aha's assertions of discrimination are conclusory, and a court need not accept conclusory allegations as true when reviewing a complaint. See Glick v. W. Power Sports, Inc., 944 F.3d 714, 717 (8th Cir. 2019) ("[W]e need not accept as true a plaintiff's conclusory allegations or legal conclusions drawn from the facts."). As a result, Aha's FHA claim must be dismissed.

**III. Title VII**

Aha next alleges that Parklawn has racially discriminated against him in violation of Title VII. This claim also must be dismissed. To state a claim under Title VII, a plaintiff "must allege an employer/employee relationship." Martin v. ReliaStar Life Ins. Co., 710 F. Supp. 2d 875, 886 (D. Minn. 2010); see 42 U.S.C. § 2000e-2(a)("It shall be unlawful employment practice for an employer ... to discriminate against any individual ... on the basis of such individual's race, color, religion, sex, or national origin[.]") (emphasis added). Aha has not alleged any such relationship with Parklawn.

**IV. Fourteenth Amendment**

Aha's claim under the Fourteenth Amendment, via 42 U.S.C. § 1982, likewise fails as a matter of law. The Fourteenth

Amendment prohibits state actors from discriminating against individuals under color of state law. As such, a plaintiff must plead and prove that (1) he was deprived of a right secured by the Constitution or laws of the United States and (2) the deprivation was committed under color of state law. Lugar v. Edmondson Oil Co., 457 U.S. 922, 931 (1982).

Aha does not allege that Parklawn is a state actor or otherwise engaged in conduct under color of state law. Dismissal of this claim therefore is also warranted.[3]

## V.  Intentional Infliction of Emotional Distress

Aha lastly alleges that Parklawn's conduct constituted intentional infliction of emotional distress (IIED). To state a claim of IIED under Minnesota law, a plaintiff must adequately plead that the defendant's conduct (1) was extreme and outrageous; (2) was intentional or reckless; and (3) caused severe emotional distress. Hubbard v. United Press Int'l, Inc., 330 N.W.2d 428, 438-39 (Minn. 1983) (citation omitted). Conduct is considered extreme or outrageous only when it is "so atrocious that it passes the boundaries of decency and is utterly intolerable to the civilized community." Id. at 439 (citation and internal quotation

---

[3]  To the extent Aha also seeks to bring a claim under 18 U.S.C. § 242, he is foreclosed from doing so, as it is criminal in nature and does "not give rise to a civil action for damages." Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989); Arnold v. Hanson, Civ. No. 21-1779, 2021 WL 5761663, at *1 (D. Minn. Dec. 3, 2021).

marks omitted). IIED claims are "sharply limited to cases involving particularly egregious facts." Id.

As noted above, Aha has not plausibly alleged that Parklawn is responsible for tampering with his belongings or food. Aha has not tied the conduct at issue to Parklawn and Parklawn therefore cannot be subject to liability under this theory. Further, as odd as the alleged conduct is, it is not "extreme and outrageous" and simply does not meet the high bar required to plead a claim for IIED. See Hubbard, 330 N.W.2d at 440 (holding that depression, physical illness including vomiting, stomach disorders, skin rash, and high blood pressure were insufficient to establish severe emotional distress); Longen v. Fed. Express Corp., 113 F. Supp. 2d 1367, 1374 (D. Minn. 2000) (concluding that being afraid to go out in public, difficulty sleeping, anxiety, lightheadedness, and shortness of breath did not constitute severe emotional distress).

Because Aha has failed to adequately allege any of his claims, the court must dismiss the amended complaint.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that:

1.   The motion to dismiss [ECF No. 6] is granted; and

2.   The case is dismissed with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  August 2, 2022

s/David S. Doty
David S. Doty, Judge
United States District Court